**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BILGE CONSTANTINESCU a/k/a BILGE APPLEGATE, | § |
| Plaintiff, | § |
| v. | § |
| FORD O'BRIEN LANDY LLP, | § |
| Defendant. | § |
| | § |
| | Civil Action No. 4:25-cv-04394 |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Response: October 6, 2026, at 10:30 a.m. via zoom. Participants: K. Ryan McDougal for Plaintiff and Matthew Ford and Adam Ford and Ifedapo Benjamin for Defendant.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

Response: Defendant identifies United States v. Constantinescu, Case No. 4:22-cr-00612, pending in the United States District Court for the Southern District of Texas, as a related case. Plaintiff disagrees that this criminal proceeding is related to the present action and identifies no related pending cases.

**3. Briefly describe what this case is about.**

Response: Plaintiff Bilge Constantinescu a/k/a Bilge Applegate alleges that Defendant Ford O'Brien Landy LLP (FOBL") agreed to purchase her ownership interest in three properties in Montgomery County, Texas, for $1,500,000. Plaintiff alleges that Defendant paid $1,000,000 but failed to pay the remaining $500,000 due no later than January 31, 2025. Plaintiff seeks the unpaid balance, interest, attorney's fees, and costs. Defendant Ford O'Brien Landy LLP alleges that the purpose of the property transfer agreement was the transfer of real property as compensation for attorneys' fees owed by Plaintiff's husband for representation in the matter *United States v. Constantinescu*, 4:22-cr-00612 (S.D. Tex. 2022) for which Plaintiff's husband was indicted for his role in a $114 million securities fraud scheme. FOBL alleges the contract was fraudulently induced

and intends to bring claims against Plaintiff for fraud, fraudulent inducement, breach of contract, civil conspiracy, and declaratory judgment. FOBL seeks $1.4 million from Plaintiff in compensatory damages as well as attorneys' fees, prejudgment interest, and costs.

**4. Specify the allegation of federal jurisdiction.**

Response: Diversity jurisdiction under 28 U.S.C. § 1332.

**5. Name the parties who disagree and the reasons.**

Response: Defendants contend that to the extent Plaintiff's husband Edward Constantinescu ("Constantinescu") is joined in the action diversity jurisdiction will be destroyed, since Constantinescu is a fugitive residing abroad and is otherwise stateless. Plaintiff disputes Defendants contention.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Response: Plaintiff does not anticipate adding parties. FOBL plans on adding Constantinescu and others they allege were involved in the conspiracy to defraud.

**7. List anticipated interventions.**

Response: Plaintiff anticipates no interventions.

**8. Describe class-action issues.**

Response: None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Response: Initial disclosures have not been made. Exchange will be made by November 22, 2026.

**10. Describe the proposed agreed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

Response: Initial disclosures will be exchanged by November 22, 2026. No other changes to the timing form, or requirements of Rule 26(a) disclosures are proposed.

Discovery will concern the agreements relating to the property transaction and related communications; the parties' performance and payment obligations; the separate conveyances and consideration for Plaintiff and Edward Constantinescu; payment records, any subsequent resale and closing relevant to the payment deadline; the basis for withholding the disputed balance; any asserted defenses; damages and attorney's fees.

Defendants additionally proposes discovery concerning communications between Plaintiff and Edward Constantinescu, Plaintiff's financial records, and Plaintiff's divorce filings and communications related to the divorce.

The parties will endeavor to complete the discovery by the deadline proposed in the scheduling order. No separate discovery phases are proposed. The parties anticipate proceedings concerning alleged spoliation. Relevant electronically stored information will be preserved and produced in searchable PDF format.

Claims of privilege or work-product protection will be identified in a privilege log served with the applicable discovery response or document production. No changes to the discovery limitations imposed by the Federal Rules or local rules or additional limitations are proposed. No additional protective or case-management orders are presently requested beyond the proposed scheduling order.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Response: Plaintiff anticipates serving interrogatories following initial disclosures on November 22, 2026.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Response: FOBL anticipates serving interrogatories following initial disclosures on November 22, 2026.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Response: Plaintiff does not presently anticipate taking oral depositions.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Response: FOBL anticipates conducting oral depositions following initial disclosures on November 22, 2026. FOBL anticipates needing additional time to serve and depose Constantinescu. Plaintiff, Constantinescu, K. Ryan McDougal and other individuals with information relevant to the FOBL's claims of alleged fraud and conspiracy.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Response: Plaintiff proposes May 3, 2027 for expert designations and applicable disclosures and reports on issues on which a party bears the burden of proof, and June 11, 2027 for responsive expert designations and applicable disclosures and reports.

Defendant proposes August 10, 2027 for expert designations and applicable disclosures and reports on issues on which a party bears the burden of proof, and October 10, 2027 for responsive expert designations and applicable disclosures and reports.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Response: Plaintiff does not presently anticipate taking expert depositions. If the need arises, Plaintiff proposes October 10, 2027 as the deadline for completing any expert depositions that become necessary.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Response: FOBL plans on engaging experts, including but not limited to, a forensic accountant.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Response: Plaintiff's position is that the correct parties are already before the Court and this case concerns a straightforward breach-of-contract claim arising from Defendants' failure to pay the agreed consideration for Plaintiff's interest in real property.

FOBL takes the position that substantial discovery is required to prove its counterclaims and defenses. FOBL states that Constantinescu's whereabouts are unknown to it and anticipates that service may require a lengthy process under the Hague Convention on Service of Process (or other such bilateral service treaty).

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

Response: No formal discovery has been undertaken to date.

**13. State the date the planned discovery can reasonably be completed.**

Response: Plaintiff proposes June 11, 2027. Defendant proposes November 30, 2027.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Response: The parties intend to engage in good-faith settlement discussions.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Response: The parties have engaged in settlement discussion but have not reached an agreement. Plaintiff proposes promptly exchanging discovery, considering further settlement discussion, and proceeding to trial if the case cannot be resolved by agreement.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Response: Plaintiff proposes private mediation, preferably by March 31, 2027.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Response: The parties' jointly agree to a trial before the magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

Response: Defendant timely demanded a jury trial.

**19. Specify the number of hours it will take to present the evidence in this case.**

Response: Plaintiff preliminarily estimates up to a day to present Plaintiff's evidence. Additional time may be required to respond to FOBL's evidence and any counterclaims. FOBL anticipates its case will last seven (7) days.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Response: No Motions are presently pending. FOBL anticipates filing a motion to stay this action pending resolution of *United States v. Constantinescu*, 4:22-cr-00612 (S.D. Tex. 2022).

**21. List other motions pending.**

Response: None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Response: Plaintiff is not presently aware of any other matters peculiar to this case, including discovery issues, that require the Court's special attention at the conference.

FOBL states that Edward Constantinescu, a signatory to the property transfer agreement, has unknown whereabouts and anticipates needing additional time for service and discovery. FOBL also raises concerns regarding Plaintiff's alleged failure to preserve evidence relevant to its anticipated claims and defenses.

**23. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Response: Counsel for Plaintiff: K. Ryan McDougal; Texas Bar No. 24056621; McDougal Law; 903 N. San Jacinto, Conroe, Texas 77301; telephone (936) 756-1960; email rmcdougal@mcdougallaw.com.

Response: Counsel for Defendant: Matthew A. Ford; 24119390; Ford O'Brien Landy LLP; 3700 Ranch Road 620 South, Austin, TX 78738; 512.503.6388; mford@fordobrien.com.

Counsel for Plaintiff: [signature] Date: 10-9-26
K. Ryan McDougal

Counsel for Defendant: ______________________ Date: __________
Matthew A. Ford

K. Ryan McDougal received email from Matt Ford confirming agreement to terms set forth herein on 10-9-26